

**United States Department of Justice**
United States Attorney's Office
Western District of Texas

---

*David Goode*  *903 San Jacinto Blvd., Suite 334*  *Direct Line: (512) 916-5850*
*Assistant United States Attorney*  *Austin, Texas 78701*  *Facsimile:  (512) 916-5854*

March 27, 2025

<u>*Via Email and CM/ECF*</u>
Ashley N. Morgan
Attorney at Law
PO Box 151271
Austin, TX 78715
morgan.ashn@gmail.com

RE: **Notice of Defective Service |** ***Morgan v. McMahon and the Department of Education*****, No. 1:25-cv-00416 (W.D. Tex.)**

Dear Ms. Morgan:

We were made recently aware of a complaint filed in the above-referenced case. It appears that summons was requested and was issued on March 24, 2025, but you have not requested a copy of the summons and issued a summons and complaint to the United States Attorney's Office or the Attorney General. We believe that service is defective.

To properly effect service upon an agency or employee of the United States in their official capacity, you must serve the United States and also serve that agency or employee. Fed. R. Civ. P. 4(i)(2).

Rule 4(i)(1) details how to serve the United States. Specifically, to serve the United States in this case, you must comply with both Rule 4(i)(1)(A) and (B).

To comply with Rule 4(i)(1)(A), you must personally serve one of the individuals designated to receive service.[1] You may also address service to an individual authorized to receive service via certified mail. These individuals are all located in the San Antonio office of the U.S. Attorney for the Western District of Texas. From the court records, you have not requested a summons for the U.S. Attorney, received a summons addressed to the U.S. Attorney, or served the U.S. Attorney.

To comply with Rule 4(i)(1)(B), you must also serve the Attorney General of the United States in Washington, D.C. This can be done via registered or certified mail. From the court records, you have not requested a summons for the Attorney General, received a summons addressed to the Attorney General, or served the Attorney General.

---

[1] A list of individuals is available on the Court's website at https://www.txwd.uscourts.gov/wp-content/uploads/2023/07/Amended-Designation-of-Agents-for-Service-of-Process-1.pdf. I am including a copy of this designation with this letter.

While there are provisions in the Federal Rules that allow for waiver of service, the United States and its agencies are not listed as entities that can waive service and, therefore, we must insist upon compliance with the applicable Federal Rules. *See* 1993 amendments to Fed. R. Civ. P., subdivision (i). Defendant's actual notice of the litigation is insufficient to satisfy the requirements of Rule 4. *See Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (citing *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)). Also, please note that the government does not have the ability to waive any jurisdictional or procedural prerequisite to suit against it.

We await proper service of the Summons and Complaint in the above-captioned matter. Until proper service has been accomplished on the United States and its agencies or employees, Defendants are not properly joined in your action, and no answer or responsive pleading is required. *See* Fed. R. Civ. P. 12(a)(2).

Thank you for your attention to this matter.

Sincerely,

**Margaret F. Leachman**
Acting United States Attorney

By:   */s/ David B. Goode*
**David B. Goode**
Assistant United States Attorney

Encl: Amended Designation of Agents for Service of Process