# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ASHLEY N. MORGAN,<br>          Plaintiff,<br><br>v.<br><br>LINDA MCMAHON, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF EDUCATION, AND THE UNITED STATES DEPARTMENT OF EDUCATION<br>          Defendants. | No. 1:25-CV-00416 |

## **DECLARATION OF JAMES BERGERON**

I, James Bergeron, do declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and accurate to the best of my information and belief:

1.    I am the Acting Under Secretary of Education at the United States Department of Education (Education). I am a duly authorized Custodian of Records, or other qualified witness for the Education, located in Washington, District of Columbia. As such, I am fully competent to make the statements contained in this Declaration. I make this declaration based on my personal knowledge and based on information provided to me in my official capacity.

2.    As the Acting Under Secretary of Education, my responsibilities include the coordination of major policies, programs, and activities related to Postsecondary Education and Federal Student Aid for Education. This includes, but is not limited to, the implementation of the injunction issued on February 18, 2025 by United States Court of Appeals for the Eighth Circuit in *Missouri v. Trump*, 128 F.4th 979, 997–98 (8th Cir. 2025) (remanding with instructions to

1

preliminarily enjoin the entire final rule establishing the Saving on a Valuable Education (SAVE) repayment plan, including provisions of the rule that applied to all IDR plans).

3. The Eighth Circuit determination arose from the Final Rule that modified certain features of an existing income contingent repayment (ICR) plan, known as REPAYE, and renamed it the Saving on a Valuable Education (SAVE) plan. *See* 88 Fed. Reg. 43,820 (July 10, 2023). The Eighth Circuit concluded that the State plaintiffs were "likely to succeed in their claim that the Secretary's authority to promulgate ICR plans does not authorize loan forgiveness at the end of the payment period." 2025 WL 518130, at *1.

4. The Eighth Circuit concluded that the entire Final Rule creating the SAVE plan should be preliminarily enjoined. 2025 WL 518130, at *11.

5. To comply with the injunction, Education had to revise its online income-driven repayment plan to remove access to the SAVE and REPAYE plans as well as remove provisions from the SAVE Final Rule that applied to other repayment plans.

6. Education's online application process for SAVE and REPAYE was inextricably intertwined with the application process for other income-driven repayment (IDR) plans.

7. Borrowers who are required to recertify their income to determine their monthly payment amounts under the IDR plans are also required to utilize the online IDR application process.

8. Because the online application process for SAVE and REPAYE is inextricably intertwined with the application for other IDR plans, and because the Eighth Circuit's order enjoined provisions that applied to other IDR plans, in order to comply with the Eighth Circuit injunction Education had to temporarily disable the online application process for all IDR plans.

9. On March 26, 2025, Defendants reopened the online application process for IDR plans and loan consolidation. *See* U.S. Dep't of Education, *Income-Driven Repayment (IDR) Plan Request*, https://perma.cc/P8ER-TNN4?type=image (providing link to apply for an IDR plan and for loan consolidation); U.S. Dep't of Education, *Demonstration for Income-Driven Repayment (IDR) Plan Request,* https://perma.cc/4BCP-R2SZ?type=image (demonstration tool showing online application allows for the selection of the Income-Based Repayment (IBR) plan, the Income-Contingent Repayment (ICR) plan, and the Pay As You Earn (PAYE) plan).

10. Education has confirmed that, as a result of the temporary outage, Plaintiff was unable to certify her income by March 1, 2025.

11. On December 20, 2024 Plaintiff was informed via a letter that her scheduled monthly payment would increase from $507.19 to $2,463.58 effective March 26, 2025. Her first payment in the higher amount would be due on April 25, 2025.

12. Education has confirmed that Plaintiff requested to be placed, and was placed, in a hardship forbearance effective March 25, 2025 through May 25, 2025, with no payment due until June 25, 2025.

13. On March 26, 2025 Education extended Plaintiff's income recertification date from March 26, 2025 to March 26, 2026.

14. Plaintiff has not been rendered ineligible to participate in income based repayment plans as a result of her inability to recertify her income by the March 1, 2025 deadline.

15. Plaintiff's loans remain in IBR and PAYE plans, as they were originally placed.

16. Plaintiff's monthly student loan payment amounts are the same as the amount calculated before the March 1, 2025 income recertification deadline.

17. Education will waive all interest in the amount of $918.77 that has accrued on Plaintiff's loans between March 1, 2025 and March 26, 2025.

I declare under the penalty of perjury that the forgoing is true and correct.

Executed on this __28_th day of March, 2025.

*James P. Bergeron*

James Bergeron