**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Ashley N. Morgan, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No.: 1:25-cv-00416-ADA |
| | § | |
| U.S. Department of Education, et al., | § | |
| | § | |
| | § | |
| Defendants | § | |

## THE U.S. DEPARTMENT OF EDUCATION'S MOTION TO DISMISS

Eighteen months and 24 days have elapsed with no service. Rule 4(m) requires that service of process be completed within 90 days from the date the complaint is filed. FED. R. CIV. P. 4(m). Morgan filed this action on March 19, 2025, the 90-day expired on June 17, 2025.

This case concerns a student loan repayment plan and accrued interest. Morgan alleges that the U.S. Department of Education (Department) erred by failing to recertify her income, resulting in an increase in her monthly payments. Dkt. 1 at 3 ¶ 7.

Nine days after the suit was filed, the Parties have entered a Joint Stipulation (Dkt. 11) addressing the alleged errors. In that Stipulation, the Department represented that "Morgan has not been rendered ineligible for income-driven repayment based on her failure to recertify her income." Dkt. 11 at 4 ¶ 10. The Department further "agreed to discharge the $918.77 in interest that Morgan's loans have accrued during her hardship forbearance." *Id.* ¶ 11. A declaration from the Acting Under Secretary of Education was submitted attesting to these matters.

Since the filing of the Joint Stipulation, no further activity has occurred in the case and the Department remained unserved. On October 9, 2026, Counsel for the Department conferred with Morgan by email to determine whether she intended to voluntarily dismiss this action. Morgan did not respond. Considering the inactivity, the Department requests that the Court dismiss this action for failure to serve and want prosecution.

## I. LEGAL STANDARD

### A. Rule 4(m) Failure to Serve.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." FED. R. CIV. P. 4(m).

### B. Rule 41(b) Failure to Prosecute.

Rule 41(b) authorizes dismissal when "the plaintiff fails to prosecute or to comply with these rules or a court order." *Springboards to Educ., Inc. v. Kipp Found.*, 325 F. Supp. 3d 704, 710 (N.D. Tex. 2018) (citing FED. R. CIV. P. 41(b))

"To warrant dismissal, we must find a delay 'longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013).

## II. ARGUMENTS AND AUTHORITIES

### A. Morgan Has Not Serve the Department.

Federal Rule of Civil Procedure 4(i) establishes specific requirements for serving the United States and its agencies. Morgan has not served the Department for more than eighteen months. Dismissal is warranted when the delay is marked by "significant periods

of total inactivity," rather than merely a few months of delay. *Thrasher*, 709 F.3d at 513. Here, no activity has occurred since the Parties filed their Joint Stipulation, and Morgan has neither served the Department nor responded to Defense Counsel's inquiry about voluntary dismissal. This prolonged inaction warrants dismissal.

**B. 18 months and 24 days Have Elapsed With No Service.**

Rule 4(m) requires that service of process be completed within 90 days from the date the complaint is filed. *See* FED. R. CIV. P. 4(m). Morgan filed this action on March 19, 2025, the 90-day period expired on June 17, 2025. Morgan has missed the service deadline by an extraordinary margin. Morgan's failure to serve the Department within the time prescribed by Rule 4(m) compels dismissal of this action.

**C. Morgan Cannot Show Good Cause for an Extension of Time.**

Under Rule 4(m), a court must extend the time for service if Morgan shows good cause for the failure to serve. However, "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008). Morgan has offered no explanation for the failure to serve the Department within the prescribed period.

Even in the absence of good cause, this Court retains the discretion to extend the time for service. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' [] vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Morgan has made no effort to comply with Rule 4(i), has never sought an extension of time from this Court, and has offered no justification for her inaction.

### D. Morgan Failed to Prosecute her Claim.

The procedural history is straightforward. Morgan filed the complaint on March 19, 2025. The Parties filed their Joint Stipulation on March 28, 2025. Since then, Morgan has taken no action to move the case forward.

As of filing this Motion, the case has remained dormant for more than eighteen months. That period substantially exceeds the "few months" discussed in decisions addressing total inactivity. *Springboards to Educ., Inc.*, 325 F. Supp. 3d at 710 (citing *Millan v. USAA General Indemnity Company*, 546 F.3d 321, 327 (5th Cir. 2008)).

The absence of any activity is telling because the Joint Stipulation (Dkt. 11) addressed the substance of Morgan's allegations. Yet Morgan neither dismissed the action nor took any step to pursue any remaining dispute. The Supreme Court has indicated that courts may clear cases that "have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630.

That is the situation here. Morgan initiated this action, obtained the Department's stipulation addressing the alleged repayment-plan and interest issues, and then abandoned the case for more than eighteen months. Dismissal is warranted.

## III. CONCLUSION

The Department requests that the Court dismiss this action because Morgan failed to serve and failed to prosecute her case.

Respectfully submitted,

**Justin R. Simmons**
United States Attorney

/s/Roy Adams
**Roy Adams**
Texas Bar No. 24133175
Assistant United States Attorney
903 San Jacinto Blvd Suite 334
Austin, TX 78701
(512) 673-9558
Roy.adams@usdoj.gov
ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this case.

/s/ Roy Adams
**Roy Adams**
Assistant United States Attorney